IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> Joslyn Renee Rinker, <br><br>            Debtor <br><br> Trustee Lawrence G. Frank, <br>            Movant <br><br> Joslyn Renee Rinker, <br>            Respondent | Chapter 7 <br><br> Case No. 5:24-bk-03055-MJC |

### **Debtor's Objection to Trustee's Application to Employ**

Although it has long been the norm in this district, the practice of allowing trustees to employ themselves as attorneys to represent the bankruptcy estate should "be severely limited to prevent abuse and the appearance of impropriety." *In re Michigan Interstate Ry. Co., Inc.*, 32 B.R. 325, 326 (Bankr. E.D. Mich. 1983).

The Code allows the court to "authorize the trustee to act as attorney or accountant for the estate *if such authorization is in the best interest of the estate*." 11 U.S.C. § 327(d), emphasis added. However, the use of this section should be with "severe limitation." *In re Butler Indus., Inc.*, 101 B.R. 194, 197 (Bankr. C.D. Cal. 1989), aff'd, 114 B.R. 695 (C.D. Cal. 1990). Thus, to demonstrate that the trustee's retention is in the estate's best interest, the trustee's burden should be more than simply showing that the estate needs a lawyer. Instead, the trustee should show why *he* is best for the job. Before seeking to retain himself, a trustee should "show substantial, tangible benefits to the estate that could not be achieved with outside counsel." *In re Wolfson*, 575 B.R. 522, 526 (Bankr. D. Colo. 2017)

Selecting someone else would be in the "**best**" interest of the estate.

> The reasons are plain enough. The conduct of bankruptcy proceedings not only should be right but must seem right. Even

> when litigation is likely to be the trustee's chief responsibility, there must always be doubt whether he can make a truly disinterested determination that his own firm, no matter what its overall merit, is best qualified to be his counsel in the circumstances of the particular case. ... Some creditors may doubt, as here, whether a trustee is able to take quite the same objective and critical attitude toward the amount and quality of effort being put forward by his own law firm that he would toward another. On the other hand, in contrast to the situation in this case, there may be instances where creditors would believe the relationship had caused a trustee to be overly litigious. Finally, even the most experienced attorney who becomes a trustee in a complicated bankruptcy can benefit from the advice of an independent general counsel; we need not go so far as the familiar adage concerning self-representation by a lawyer to say that a second head is not without value in such matters simply because the first is exceedingly good.

*Knapp v. Seligson (In re Ira Haupt & Co.)*, 361 F.2d 164, 168–69 (2d Cir. 1966); *accord SEC v. Kenneth Bove & Co., Inc.*, 451 F.Supp. 355, 358 (S.D.N.Y. 1978).

Debtor does not pretend that Attorney Frank lacks competence as an attorney. Instead, Debtor contends that selecting a different attorney would avoid the problems arising from the trustee acting simultaneously as servant and master. Attorney Frank's application does not state cause to depart from the "severe limitation" that should apply when a trustee seeks to employ himself as an attorney. Debtor objects to the application as Trustee Frank has not yet demonstrated cause to employ himself\, and respectfully requests a hearing to allow him to make that showing.

Date: January 31, 2025

s/ Carlo Sabatini
Carlo Sabatini, Attorney for Respondent
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com
Bar Number PA 83831