IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Joslyn Renee Rinker,<br><br>    Debtor<br><br>Trustee Lawrence G. Frank,<br><br>    Movant<br><br>Joslyn Renee Rinker,<br><br>    Respondent | Chapter 7<br><br>Case No. 5:24-bk-03055-MJC |

**<u>Brief in Support of Debtor's Response to the Trustee's Rule 2004 Motion</u>**

The trustee's requested examination would investigate the possibility of pursuing real estate owned by the debtor's non-filing spouse under two separate legal theories: (1) that it may be property of the estate pursuant to § 541(a)(5) as a result of a property settlement agreement with the debtor's spouse, and (2) that it may be susceptible to an action brought under the Voidable Transactions Act. These two theories are addressed in order.

## § 541(a)(5)

The debtor initially confirmed through counsel that there is no agreement with her husband pursuant to which she would receive any interest in real estate. An updated affidavit to that effect is attached to the answer. And, even if such an agreement did exist, it would have to be in writing to be enforceable. Property interests are determined under state law, *Butner v. United States,* 440 U.S. 48 (1979), and in Pennsylvania the statute of frauds prevents the assignment of any interest in land unless the assignment is in writing and signed by the transferor, see 33 P.S. § 1. Because any *oral* agreement would not be enforceable, and because the trustee's *duces tecum* request would capture any *written* agreement, any testimony elicited at an *ad testificandum* examination would be irrelevant.

## Voidable Transactions Act

The 2004 Examination would seek testimony from the debtor to be used against her husband. However, the privilege against adverse spousal testimony acts as a bar. With some exceptions not applicable here, it broadly states that "[i]n a civil matter neither husband nor wife shall be competent or permitted to testify against each other."[1] 42 Pa.C.S.A. § 5924(a). Here, to the extent that the debtor's testimony is helpful to the trustee, it would be harmful to the spouse and is thus barred.

Also, the fact of the debtor's separation from her spouse is irrelevant. Section 5924(a), which applies only in civil cases, has what the Superior Court has characterized as an "identical analogue[] at 42 Pa.C.S.A. § 5913" that applies in criminal cases. *Cap Glass, Inc. v. Coffman*, 130 A.3d 783, 788 n.1 (Pa. Super 2016). That analogous statute provides that subject to some exceptions,[2] "in a criminal proceeding a person shall have the privilege, which he or she may

---

[1] The exceptions are described in § 5924(b), and permit the testimony in proceedings:
(1) For divorce, including ancillary proceedings for the partition or division of property.
(2) For support or relating to the protection or recovery of marital or separate property.
(3) For custody or care of children, including actions or proceedings relating to visitation rights and similar matters.
(4) Arising under 23 Pa.C.S. Ch. 61 (relating to protection from abuse).
(5) When a statute heretofore or hereafter enacted applicable to the action or proceeding provides either expressly or by necessary implication that spouses may testify therein against each other.

[2] There is no exception:
(1) in proceedings for desertion and maintenance;
(2) in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them;
(3) applicable to proof of the fact of marriage, in support of a criminal charge of bigamy alleged to have been committed by or with the other; or
(4) in any criminal proceeding in which one of the charges pending against the defendant includes murder, involuntary deviate sexual intercourse or rape.

2

waive, not to testify against his or her then lawful spouse." Under an analysis that should apply equally here, the Superior Court has found that the analogous criminal statute applies where a couple has separated *and even filed for divorce*, as long as the couple remains legally married. *Com. v. Valle-Velez*, 995 A.2d 1264, 1266 (Pa. Super. 2010).

> Though Appellee and Ms. Fernandez no longer hold themselves out to be married, they are still legally married. That Ms. Fernandez has filed a divorce complaint does nothing to affect their marriage under the law, until the divorce decree is entered. Therefore, their marriage is "lawful" within the laws of Pennsylvania, and but for the express exceptions set forth in the language of the statute, the spousal privilege applies.

*Id*. at 1269. The court rejected the prosecution's policy arguments that the purpose of the privilege is no longer served when the marriage seems broken:

> According to the Commonwealth, to permit Ms. Fernandez to claim the marital privilege when she is cohabitating with another man with whom she is in a committed relationship elevates form over substance that the Pennsylvania Legislature did not intend, since the basis of the privilege is to preserve "marital harmony." Commonwealth's Brief at 12. Thus, the Commonwealth asks us to look beyond the express statutory language at the policy issues surrounding the spousal privilege statute. We decline to do so.
> Under the commonly accepted tenets of statutory construction, we must apply statutory language as written, and avoid disregarding the language of a statute "under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b); *Clanton,* 151 A.2d at 92 (commenting that "the language of [the spousal privilege] cannot be ignored in pursuit of its spirit even though a broad or liberal construction would obviously protect society in criminal cases."). The privilege set forth at § 5913, as written, applies to "lawful spouses." 42 Pa.C.S.A. § 5913. In this matter, regardless of their overt acts, Appellee and Ms. Fernandez remain lawful spouses. Therefore, the privilege is applicable.

*Com. v. Valle-Velez*, 995 A.2d 1264, 1270 (Pa. Super. 2010).

The *Valle-Velez* analysis of § 5913 applies with equal force to the "identical analogue[]" at § 5924. Debtor should not be compelled to testify to the detriment of her spouse.

3

The examination seeks testimony that would be either irrelevant because of the statute of frauds, or which should be protected because of the privilege against adverse spousal testimony. Although Debtor does not object to providing the documents she possesses that are responsive to the *duces tecum* request, she should not be compelled to appear to provide oral testimony.

**Examination Location**

Alternatively, if the Court allows the oral examination to proceed, the Debtor respectfully requests that she be permitted to appear via Zoom, or that the examination be scheduled at a location within 30 miles of her residence. The location requested by the trustee is 87 miles from Debtor's residence. Round trip, at the IRS reimbursement rate of $.70/mile, her estimated expense would be $121.80. At first blush, Rule 2004(e) appears to require the debtor to appear at a location within 100 miles of her residence. However, subparagraph (d) allows the court to order the examination "on terms it may impose." In *In re Martin*, 243 B.R. 609 (Bankr. D. Conn. 2000) the court did just that. There, a creditor sought to conduct a 2004 examination a bit over 50 miles from the debtor's residence. The court observed the language in 2004(e), but then relied on 2004(d) to impose a term that the examination would occur at one of these locations: in the county where the debtor resided, in the county where the court was located, within 30 miles of the debtor's residence, or at a mutually agreed location.

Debtor believes that no *ad testificandum* examination should be ordered. However, if one is, she respectfully asks that she be allowed to appear in person at a location in Luzerne County or within 30 miles of her residence, or that she be able to appear by Zoom.

Respectfully submitted,

Date: May 9, 2025

s/ Carlo Sabatini
Carlo Sabatini, Attorney for Respondent
Bar Number PA 83831
Sabatini Law Firm, LLC

4

Case 5:24-bk-03055-MJC    Doc 20    Filed 05/09/25    Entered 05/09/25 18:00:41    Desc
Main Document    Page 4 of 5

216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Email ecf@bankruptcypa.com