IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | Case No. 5:24-bk-03055-MJC |
| JOSLYN RENEE RINKER, : | |
|           Debtor : | Chapter 7 |
| : | |
| LAWRENCE G. FRANK, : | |
| TRUSTEE IN BANKRUPTCY FOR : | |
| JOSLYN RENEE RINKER, : | |
|           Movant : | |
| : | |
| v. : | |
| : | |
| MICHAEL JASON RINKER, : | |
|           Respondent : | |

### TRUSTEE'S BRIEF IN SUPPORT OF HIS MOTION
### FOR RULE 2004 EXAMINATION OF MICHAEL JASON RINKER

A Voluntary Chapter 7 Petition was filed by the Debtor on November 26, 2024. The Meeting of Creditors was held on January 2, 2025. The Trustee's application to employ himself as attorney was filed on January 28, 2025 and an objection to that application was filed by the Debtor on January 31, 2025.

A hearing was held on February 13, 2025 on the Trustee's application and an Order was entered on the same date approving that employment.

On April 26, 2025, the Trustee filed a motion for Rule 2004 Examination of the Debtor. An answer to that motion was filed by the Debtor on May 9, 2025. A hearing was held on July 29, 2025 and an Order granting the Trustee's motion was entered on July 30, 2025.

The Trustee's current motion for a Rule 2004 Examination of Michael Jason Rinker was filed on August 16, 2025 and served on the same date. Local Rule 2004-1 entitled Depositions and Examinations states that *The Court will consider a motion under F.R.B.P. 2004(a) fourteen (14) days after service on the respondent. If no objection or answer is filed, within fourteen (14)*

Page 1 of 10

*days, an order may be entered by the court. The order may be entered immediately if the motion contains a certification that the respondent has agreed to submit to the examination.*

No response was filed by Respondent Michael Jason Rinker. Therefore, under the above rule, the Court may enter an Order. An Order has not yet been entered, presumably because of the Debtor's objection.

## ISSUES

1. Does the Debtor have standing to object to the Motion for Rule 2004 Examination of Michael Jason Rinker?

2. Do 42 Pa. C.S.A. §5923 and 42 Pa. C.S.A. §5924(a) prohibit the Trustee's Motion for 2004 Examination?

3. Does the Bankruptcy Code allow the Trustee to file the motion in its present form?

## ARGUMENT

1. The Trustee maintains that the Debtor has no standing to object to the requested 2004 Examination of Michael Jason Rinker. She has already unsuccessfully objected to her examination and the Trustee's requested documents and questions, will be similar or identical to those which the Court has already ruled on.

The United States Supreme Court in *Trammel v. United States, 445 U.S. 40 (1980)* held that the witness-spouse alone has a privilege to refuse to testify adversely.

Case 5:24-bk-03055-MJC    Doc 39    Filed 09/21/25    Entered 09/21/25 14:48:36    Desc
Main Document    Page 2 of 11

The Supreme Court at page 51 of its Opinion stated, "Here we must decide whether the privilege against adverse spousal testimony promotes sufficiently important interests to outweigh the need for probative evidence in the administration of criminal justice."

In the instant case, the ostensible reason for spousal privilege is to preserve the marital relationship. That does not apply here since the parties separated in August of 2024, over a year ago. Thus, there is no marital relationship to preserve.

Notably, the Notes of Advisory Committee on Rules—1983, regarding Rule 2004 Examinations contained in the Federal Rules of Bankruptcy Procedure, the limitation on the spousal privilege formerly contained in §21a of the Act is not carried over in the Code.

The proposed examinee has waived his right to object given that the fourteen (14) day period in Local Rule 2004-1 has already run and, as of the date of this brief, he has still not objected.

2. 42 Pa. C.S.A. §5923 reads as follows:

**§5923. Confidential communications between spouses.**

Except as otherwise provided in this subchapter, in a civil matter neither husband nor wife shall be competent or permitted to testify confidential communications made by one to the other, unless this privilege is waived upon the trial.

Assume for the purpose of this section that the bankruptcy case is a civil matter, even though page 6 of the Petition was signed under penalty of perjury and that false statements or "concealing property" can result in criminal penalties, including fines of up to $250,000.00 or imprisonment up to 20 years, or both.

This section speaks of confidential communications which the Debtor has waived by filing an affidavit dated June 2, 2025 at Docket Entry #24, attached hereto as an exhibit.

Page 3 of 10

Case 5:24-bk-03055-MJC    Doc 39    Filed 09/21/25    Entered 09/21/25 14:48:36    Desc
Main Document    Page 3 of 11

This opened the door to the Trustee's further inquiry about the topics set forth in the affidavit, since it is no longer "confidential" but is available for the whole world to see.

3. 42 Pa. C.S.A. §5924(a) reads as follows:

**§5924(a). Spouses as witnesses against each other**

**(a) General rule.** – In a civil matter neither husband nor wife shall be competent or permitted to testify against each other.
   **(b) Exception.** – Subsection (a) shall not apply in an action or proceeding:
     (1) For divorce, including ancillary proceedings for the partition or division or property.
     (2) For support or relating to the protection or recovery of marital or separate property.
     (3) For custody or care of children, including actions or proceedings Relating to visitation rights and similar matters.
     (4) Arising under 23 Pa.C.S. Ch. 61 (relating to protection from abuse).
     (5) When a statute heretofore or hereafter enacted applicable to the action or proceeding provides either expressly or by necessary implication that spouses may testify therein against each other.

Arguably, in exceptions (1) and (2), the estate certainly has an interest in knowing whether there has been any agreement about the current or future division of property.

§ 541(a)(5) of the Bankruptcy Code reads as follows:

**§ 541. Property of the estate**

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
     (5) Any interest in property that would have been property of the estate if such interest had been a interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
          (A) by behest, devise, or inheritance;
          (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
          (C) as a beneficiary of a life insurance policy or of a death benefit plan.

Case 5:24-bk-03055-MJC   Doc 39   Filed 09/21/25   Entered 09/21/25 14:48:36   Desc
Main Document     Page 4 of 11

To the extent that there may have been an agreement, the Trustee should not be bound by a self-serving affidavit which the Debtor may have prepared after the bankruptcy filing to benefit herself and her spouse.

Section (5) of the above cited 42 Pa. C.S.A. §5924(a) would certainly apply since the Bankruptcy Code has been enacted heretofore or hereafter the Pennsylvania statute.

To the extent that the requested information from Michael Jason Rinker is testimony against the Debtor, that position should ring hollow with this Court since he is obligated to provide full and complete information with respect to the Debtor's bankruptcy filing as is more fully discussed in the next section of this brief.

Conversely, to the extent that the Respondent's testimony under oath is harmful to himself, then that is not testimony against the Debtor and that should be allowed.

*In re Heavrin*, United States Bankruptcy Court for the Western District of Kentucky, at 342 B.R. 508, was a case in which the trustee was attempting to depose the debtor's wife about the return of legal fees to the bankruptcy estate. The court held that federal common law, which does not recognize a broad spousal privilege in civil cases, governed the issue. Therefore, the wife could not avoid deposition by invoking Kentucky's marital privilege law.

Moreover, spousal privilege only applies in criminal cases. *In Re Ricky Vee Mitchell and Brock R. Mitchell,* Bankruptcy Case No. 18-40736-JMM in the United States Bankruptcy Court for the District of Idaho (2019), the Court held, in its Memorandum of Decision, page 16, "In this case, the federal common law holds that spousal privilege applies only in criminal proceedings. See *United States v. Yerardi,* 192 F.3d 14, (1st Cir. 1999) ("The privilege is almost always invoked only in criminal proceedings in which one spouse is called to testify against the other, and understandably so since criminal jeopardy is the threat with which the privilege is concerned. And

Page 5 of 10

Case 5:24-bk-03055-MJC   Doc 39   Filed 09/21/25   Entered 09/21/25 14:48:36   Desc
Main Document    Page 5 of 11

some formulations of the privilege, and dicta in some of the cases, assume that the privilege should never be asserted in a civil case.") And some formulations of the privilege, and dicta in some of the cases, assume that the privilege could never be asserted in a civil case."); *S.E.C. v. Lavin*, 111 F.3d 921, 925 (D.C. Cir. 1997) ("The [privilege against adverse spousal testimony] allows a spouse called as a witness against his or her spouse in a criminal proceeding to testify."); *United States v. Premises Known as 281 Syosset Woodbury Rd.*, 71 F.3d 1067 (2d Cir. 1995) ("The adverse spousal testimony privilege has traditionally been limited to criminal cases."); *Nordetek Envtl., Inc. v. RDP Techs., Inc.*, No. CV 09-4714, 2011 WL 13227709, at *6 (E.D. Pa. Nov.28, 2011); *Knepp v. United Stone Veneer, LLC.*, 4:06-CV-1018, 2007 WL 2597936 and at 3 (D. M.D. Penn Sep. 5, 2007) ("the adverse spousal privilege is only applicable in criminal proceedings"). Thus Mr. Mitchell may not assert spousal privilege in this civil case." In addition, the Court held, in the conclusion of its Memorandum of Decision, that, "Mr. Mitchell does not have standing to challenge the subpoena issued to EIRMC, and regarding the 2004 examination of Ms. Mitchell, the Court concludes that Mr. Mitchell may not assert the spousal privilege."

4.  Numerous sections of the Bankruptcy Code and Rules support the Trustee's position in this case.

Section 343 of the Bankruptcy Code states as follows:

> **§ 343. Examination of the debtor**
>
> The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may administer the oath required under this section.

Section 521(a)(3) and (4) of the Bankruptcy Code states as follows:

> **§ 521. Debtor's duties**
> (a) The debtor shall—
> (3) if a trustee is serving in the case or if an auditor is serving

Page 6 of 10

Case 5:24-bk-03055-MJC    Doc 39    Filed 09/21/25    Entered 09/21/25 14:48:36    Desc
Main Document    Page 6 of 11

>              under section 586(f) of title 28, cooperate with the trustee
>              as necessary to enable the trustee to perform the trustee's
>              duties under this title;
>       (4)    if a trustee is serving in the case or an auditor is serving
>              under section 584(f) of title 28 surrender to the trustee all
>              property of the estate and any recorded information, including
>              books, documents, records, and papers, relating to property
>              of the estate, whether or not immunity is granted under
>              Section 344 of this title.

Bankruptcy Rule 4002(a)(4) states as follows:

> **Rule 4002.    Duties of Debtor**
>   (a) In general
>       (4)    cooperate with trustee in the preparation of an inventory,
>              the examination of proofs of claim, and the administration
>              of the estate

Taken together, these sections of the Bankruptcy Code and Rules require the Debtor to cooperate with and assist the Trustee in any investigation rather than interfere with, and attempt to frustrate that investigation, which the Debtor has done to date.

5. Finally, nowhere in the Bankruptcy Code or Rules does it mention confidential communications between spouses or restrictions on spouses testifying against each other.

6. Sections 547 and 548 of the Bankruptcy Code as to insiders would be emasculated were the Debtor's position to be upheld.

Section 547(b) of the Bankruptcy Code states as follows:

> **§ 547. Preferences**
>
> (b) Except as provided in subsections (c) and (i) of this section, the trustee
> may avoid any transfer of an interest of the debtor in property—
>       (1)    to or for the benefit of a creditor;
>       (2)    for or on account of an antecedent debt owed by the debtor
>   before such transfer was made;
>       (3)    made while the debtor was insolvent;
>       (4)    made—
>              (A)  on or within 90 days before the date of the filing of the
>          petition; or
>              (B)  between 90 days and one year before the date of the filing

Page 7 of 10

of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title

The usual 90-day provision is expanded to one year in a case of an insider.

Section 548(a) of the Bankruptcy Code reads as follows:

**§ 548. Fraudulent transfers and obligations**

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in the property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the course of ordinary business.

Likewise, in the above section, insiders are singled out for special attention, apparently realizing that insiders are more likely to be preferred insofar as employment contract is concerned.

§ 101(31)(A) of the Bankruptcy Code reads as follows:

**§ 101. Definitions**

(31) The term "insider" includes—
  (A) if the debtor is an individual—
    (i) relative of the debtor or of a general partner of the debtor;
    (ii) partnership in which the debtor is a general partner;
    (iii) general partner of the debtor; or
    (iv) corporation of which the debtor is a director, officer, or person in control

Thus, the Debtor's spouse, Michael Jason Rinker is clearly an insider in this case. Using the Debtor's logic, the Trustee should neither be able to secure the oral testimony nor the written

Page 8 of 10

documents from the Respondent. This would effectively end any investigation as to whether Michael Jason Rinker, the Respondent herein, received preferential or fraudulent transfers since that is exactly the reason the Trustee needs the oral testimony and written documents. That cannot be what Congress intended in enacting the preference and fraudulent sections of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests this Honorable Court to grant the Trustee's Motion for Rule 2004 Examination of Michael Jason Rinker, the Respondent, and direct the Respondent to furnish the documents itemized in the Trustee's motion 10 days prior to what will be the rescheduled Rule 2004 Examination.

Respectfully submitted,

/s/ Lawrence G. Frank, Esquire

Lawrence G. Frank, Esquire
Attorney ID No.: 15619
100 Aspen Drive
Dillsburg, PA 17019
PH: (717) 614-3661
lawrencegfrank@gmail.com

Trustee in Bankruptcy

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Joslyn Renee Rinker,<br><br>                  Debtor<br><br>Trustee Lawrence G. Frank,<br><br>                  Movant<br><br>Joslyn Renee Rinker,<br><br>                  Respondent | Chapter 7<br><br>Case No. 5:24-bk-03055-MJC |

### Affidavit of Joslyn Renee Rinker

1. My husband and I do not have any oral or written agreement regarding any transfer to me of any real estate.

2. My husband and I do not have any oral or written agreement regarding any transfer to me of any real estate in the event that a divorce action is filed.

3. I have not filed for divorce.

4. I am not aware of my husband having filed for divorce.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2025

                                                                       Joslyn Renee Rinker

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>JOSLYN RENEE RINKER,<br>Debtor | : <br>:<br>: | Case No. 5:24-bk-03055-MJC<br><br>Chapter 7 |
| LAWRENCE G. FRANK,<br>TRUSTEE IN BANKRUPTCY FOR<br>JOSLYN RENEE RINKER,<br>Movant | :<br>:<br>:<br>:<br>: | |
| v. | :<br>: | |
| MICHAEL JASON RINKER,<br>Respondent | :<br>: | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September 2025, I electronically filed the foregoing *Trustee's Brief in Support of his Motion for Rule 2004 Examination of Michael Jason Rinker* with the Clerk of the Bankruptcy Court by using the CM/ECF system which sent notification of such filing to the following filing users at the email address below, and I mailed same to Respondent at the address listed below.

Michael Jason Rinker
100 Pecora Road
Drums, PA 18222

Carlo Sabatini, Attorney for Debtor: ecf@bankruptcypa.com

U.S. Trustee:    ustpregion03.ha.ecf@usdoj.gov

LAW OFFICE OF LAWRENCE G. FRANK

/s/ Lawrence G. Frank, Esquire

Lawrence G. Frank, Esquire
Attorney ID No.: 15619
100 Aspen Drive
Dillsburg, PA 17019
PH: (717) 614-3661
lawrencegfrank@gmail.com

Trustee in Bankruptcy
