IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Joslyn Renee Rinker,<br>        Debtor<br><br>Trustee Lawrence G. Frank,<br>        Movant<br><br>Michael Jason Rinker,<br>        Respondent | Chapter 7<br><br>Case No. 5:24-bk-03055-MJC<br><br>**MOTION FOR RULE 2004 EXAMINATION OF MICHAEL JASON RINKER [30]** |

### Debtor's Amended Objection to Rule 2004 Examination of Her Spouse

1. The trustee filed *Motion for Rule 2004 Examination of Michael Jason Rinker* (Dkt. Entry 30, "the Motion").

2. The trustee and Debtor's counsel have agreed that any examination shall be conducted in Northeastern Pennsylvania, rather than in the Southern Tier as initially identified in the Motion. However, some of the trustee's requests remain in dispute.

3. First, the "confidential communications between spouses privilege" should bar *some* of the trustee's requests. 42 Pa.C.S.A. § 5923 provides that generally "in a civil matter neither husband nor wife shall be competent or permitted to testify to confidential communications made by one to the other, . . ." Several of the trustee's duces tecum requests implicate this privilege. Paragraph 16(A) of the Motion broadly requests a duces tecum production for five different subcategories of communications that are "Copies of emails, text messages, correspondence, agreements in writing, or, if oral, a summary of same." Debtor objects to the production of any responsive documents without first having the opportunity to evaluate the documents and determine whether the privilege applies. (Debtor concedes that the privilege would generally not apply if a third party were included within the communication, as the communication would no longer be "confidential.")

4. Furthermore, there is an additional spousal privilege that bars many of the trustee's requests – namely, the privilege against adverse spousal testimony. With some exceptions not applicable here, it broadly states that "[i]n a civil matter neither husband nor wife shall be competent or permitted to testify against each other." 42 Pa.C.S.A. § 5924(a). Thus, unlike the confidential *communications* privilege, this privilege applies more broadly to any testimony that would be detrimental to the declarant's spouse. Here, to the extent that the spouse's testimony is helpful to the trustee, it would be harmful to the ~~spouse~~ debtor (because of her interest in remaining in the real estate with her children) and is thus barred by the privilege.[1] However, t~~T~~he Debtor concedes that her husband may be in possession of documents that the privilege does not protect. For example, the trustee seeks mortgage statements. (See the Motion, ¶ 16.B.4.) Such statements do not contain any testimony from her spouse, and Debtor does not claim that the privilege protects them. However, the trustee also seeks an "itemization of expenses related to the marital residence." (*Id.* ¶ 16.B.5.) If Debtor's husband were to prepare such an itemization, then it would essentially constitute his testimony of the information contained therein. Such an itemization is barred by the privilege against adverse spousal testimony.

WHEREFORE, Debtor respectfully requests that the Court schedule an evidentiary hearing and argument on the Motion.

---

[1] *See e.g., Emmi v. DeAngelo,* 261 F. Supp. 3d 556, 560 (E.D. Pa. 2017)(A party may exercise an absolute privilege under § 5924 to refuse to testify as a witness. The testimony of a witness is "against" a party within the meaning of § 5924 where the witness has been called to testify by the adverse party. "This interpretation of 'against' accords with the purpose of the marital privileges; the very act of testifying as a witness on behalf of an adverse party, regardless of the subject matter of the testimony, cannot fairly be said to preserve and promote 'marital harmony.'")

s/ Carlo Sabatini<br>
Carlo Sabatini, Bar Number PA 83831<br>
Attorney for Debtor<br>
Sabatini Law Firm, LLC<br>
216 N. Blakely St.<br>
Dunmore, PA 18512<br>
Phone (570) 341-9000<br>
Facsimile (570) 504-2769<br>
Email ecf@bankruptcypa.com

**Certificate of Service**

On September 21, 2025, I deposited the foregoing document into the mail, addressed to:

Michael Jason Rinker
100 Pecora Road
Drums, PA 18222

As the date of mailing is a ~~federal holiday~~ Sunday, the mail piece will not be postmarked until September 2, 2025.

s/ Carlo Sabatini<br>
Carlo Sabatini