IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Joslyn Renee Rinker,<br><br>              Debtor<br><br>Trustee Lawrence G. Frank,<br><br>              Movant<br><br>Michael Jason Rinker,<br><br>              Respondent | Chapter 7<br><br>Case No. 5:24-bk-03055-MJC<br><br>Motion for Rule 2004 Examination of Michael Jason Rinker |

**ORDER**

Upon consideration of the Motion for Examination Under Rule 2004 of Michael Rinker, Doc. 30 ("Motion"), Debtor's Amended Objection filed in response thereto, Doc. 40 ("Objection"), Briefs in support and opposition thereto, Doc. 39, 41, after a hearing held on September 23, 2025, wherein the Objection was overruled, and upon agreement of the parties;

**IT IS HEREBY ORDERED THAT:**

The Trustee is permitted to conduct an examination under Bankruptcy Rule 2004 of Michael Rinker. Joslyn Rinker and her counsel may attend the examination.

The examination will be conducted within 90 days of the date of this order at 216 N. Blakely Street, Dunmore, PA 18512, or at such other location that is agreed to by Michael Rinker, Joslyn Rinker, and the Trustee.

Michael Rinker shall provide the Trustee with the documents and information requested in paragraph 16 of the Trustee's Motion at least 10 days prior to the examination. The Trustee shall electronically provide that information to Debtor's counsel within 3 days of receipt.

Mrs. Rinker may, in good faith, assert that a privilege applies with respect to any question posted to Mr. Rinker at the examination. Mrs. Rinker may not *instruct* the witness to refuse to answer. However, Mrs. Rinker may *ask* the witness to refuse to answer the question based on privilege. The witness may refuse to answer to preserve the privilege, as permitted by Fed. R. Civ. P. 30(c)(2) as incorporated by Fed. R. Bankr. P. 7030 and 9014. The Trustee has the right to file a motion with the Court to compel Mr. Rinker to answer any questions that he refuses to answer or to provide any documents that he refuses to provide.

No privilege shall be deemed waived by failure to raise it before, during, or after the 2004 examination. Instead, Mrs. Rinker may assert at any time that the privilege applies to any testimony, document, or other evidence.

At the beginning of the examination, Mr. Rinker will be given a copy of the notice filed on the docket as Doc. Entry 45.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: October 10, 2025